**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Click here to enter text. District of Delaware

Case number *(if known)*: Click here to enter text. Chapter 7

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Wave Systems Corp. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 13-3477246 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 480     Pleasant Street<br>Number    Street | Number    Street |
| | P.O. Box |
| Lee     MA     01238<br>City     State     ZIP Code | Number     State     ZIP Code |
| Berkshire | **Location of principal assets, if different form principal place of business** |
| County | Number    Street |
| | Number     State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.wave.com |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

01:18021809.2

| btor | Wave Systems Corp. | | Case number (if known) |
|---|---|---|---|

**7.  Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101 (27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

5112

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one*:

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list

☒ No

☐ Yes.  District _____  When ____ MM / DD / YYYY  Case number _____

District _____  When ____ MM / DD / YYYY  Case number _____

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____  Relationship _____

Debtor _____  When _____

Case number, if known _____  MM / DD / YYYY

01:18021809.2

| btor | Wave Systems Corp. | Case number (if known) |
|------|--------------------|------------------------|

**11.** **Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number    Street

City            State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency

Contact name

Phone

---

**Statistical and administrative information**

---

**13.** **Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15.** **Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

01:18021809.2

| Debtor | Wave Systems Corp. | | Case number (if known) Click here to enter text. |
|---|---|---|---|

| 16. | **Estimated liabilities** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001–$100,000 | ☒ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | Declaration and signature of authorized representative of debtor | The debtor request relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information it true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/1/2016

✗ _Cla Call_____     Walter Shephard_____
Signature of authorized representative of debtor     Printed name

Title  Chief Financial Officer and Secretary_____

| 18. | **Signature of attorney** | ✗ _____     Date  2|1|16 |
|---|---|---|

Signature of attorney for debtor

Robert S. Brady
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000      N. King St.
Number    Street

Wilmington                    DE        19801
City                          State     ZIP Code

(302) 571-6600                RBrady@ycst.com
Contact phone                 Email address

2847                          Delaware
Bar number                    State

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## WAVE SYSTEMS CORP

WHEREAS, the board of directors (the "Board") of Wave Systems Corp., a Delaware corporation (the "Company"), has reviewed and considered, among other things, the financial condition of Company and the Company's business on the date hereof; and

WHEREAS, the Board has received, reviewed, and considered the recommendations of the management of Company and Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code;

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company, the creditors of Company, and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 7 of title 11 of the United States Code; and it is further

RESOLVED, that Walter A. Shephard (the "Designated Representative") be, and, acting alone, hereby is, authorized, directed, and empowered (i) to execute and verify the Petition and all documents ancillary thereto, and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware, such Petition to be filed at such time as the Designated Representative shall determine and to be in the form approved by the Designated Representative, with the execution thereof by such Designated Representative being conclusive evidence of the approval thereof by the Designated Representative; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Designated Representative, may be necessary, appropriate, or desirable, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Designated Representative, may be necessary, appropriate, or desirable in connection with the foregoing; and it is further

RESOLVED, that the Designated Representative may take any action necessary to effectuate the retention of the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") by the Company so that Young Conaway may be authorized and empowered to represent the Company as its general bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights, including, without limitation, the preparation of pleadings and filings in the bankruptcy case; and it is further

RESOLVED, that the Designated Representative may take any action necessary to effectuate the execution of that certain *Independent Consultant Agreement* between the Company and Brenda Adams dated as of the date hereof (the "Consulting Agreement"), which Consulting Agreement is hereby approved; and it is further

RESOLVED, that the Designated Representative be, and, acting alone, hereby is, authorized, directed, and empowered from time to time to take such actions and execute and deliver such documents as may be required or as the Designated Representative may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Designated Representative shall approve, the taking or execution thereof by the Designated Representative being conclusive evidence of the approval thereof by the Designated Representative; and it is further

RESOLVED, the grant of authority provided to the Designated Representative for the limited purposes set forth herein shall survive the resignation of the Designated Representative as an officer of the Company; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

01:18190531.4

## SECRETARIAL CERTIFICATE

The undersigned, being the Secretary of Wave Systems Corp., a Delaware corporation (the "Company"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2.  Attached hereto is a true and complete copy of the Resolutions of the Board of the Company, duly adopted at a properly convened meeting of the Board on January 29, 2016, by vote of the directors, in accordance with the Delaware Limited Liability Company Act and the Limited Liability Company Agreement of the Company.

3.  Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board of the Company relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 29th day of January, 2016

Walter A. Shephard
Secretary