## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WAVE SYSTEMS CORP., | Case No. 16-10284 (KJC) |
| Debtor. | **Bid Procedures Hearing Date: March 22, 2016 at 2:45 p.m.**<br>**Bid Procedures Objections Due: March 15, 2016 at 4:00 p.m.**<br><br>**Sale Hearing Date: April 7, 2016 at 11:00 a.m.**<br>**Sale Objections Due: March 31, 2016 at 4:00 p.m.** |

**MOTION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE,
FOR ENTRY OF ORDERS (I) (A) ESTABLISHING BID PROCEDURES RELATING
TO THE SALE OF THE DEBTOR'S ASSETS; (B) SCHEDULING A HEARING TO
CONSIDER THE PROPOSED SALE AND APPROVING THE FORM AND MANNER
OF NOTICE THEREOF; (C) ESTABLISHING PROCEDURES RELATING TO THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES; (D) EXTENDING THE TIME TO ASSUME OR REJECT
EXECUTORY CONTRACTS AND (E) GRANTING RELATED RELIEF AND
(II) (A) APPROVING THE PROPOSED SALE; (B) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES;
AND (C) GRANTING RELATED RELIEF**

David W. Carickhoff, the duly appointed chapter 7 trustee (hereafter, the "Trustee") in the above-captioned chapter 7 bankruptcy case of Wave Systems Corp. ("Wave" or "Debtor"), hereby files this motion (the "Motion") under sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of: (A) an order substantially in the form annexed hereto as **Exhibit A** (the "Bid Procedures Order") (i) approving the proposed bidding procedures (the "Bid Procedures"); and (ii) scheduling a hearing (the "Sale Hearing") to approve such sale (the

"<u>Sale</u>") and approving the form and manner of notice thereof, and (iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, (iv) extending the time to assume and or reject executory contracts; and (v) grants related relief (the "<u>Bid Procedures Relief</u>").

The Trustee also hereby moves the Court, pursuant to Bankruptcy Code sections 105, 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006, for entry of an order (substantially in the form annexed hereto as **Exhibit B** (the "<u>Sale Order</u>")) authorizing (i) the sale(s) of all or substantially all of the Debtor's Assets (the "<u>Purchased Assets</u>") free and clear of all liens, claims, interests, and encumbrances; (ii) authorizes the Trustee to assume and assign executory contracts and/or unexpired leases to the Successful Bidder(s) (as defined below); and (iii) grants related relief (collectively, the "<u>Sale Relief</u>").[1]  In support of this Motion, the Trustee respectfully represents as follows:

## <u>JURISDICTION</u>

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 6004-1.

## <u>BACKGROUND</u>

3.      On February 1, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

---

[1] This Motion contains the Trustee's request for approval of both the Bid Procedures Relief and the Sale Relief.  The Trustee is seeking approval of the Bid Procedures Relief at the initial hearing to be conducted on this Motion; the Sale Relief is requested to be considered at the Sale Hearing.

4.      David W. Carickhoff has been appointed as chapter 7 trustee.

5.      The section 341(a) meeting of creditors was scheduled for February 26, 2016, and has been concluded.

6.      Prior to ceasing operations, the Debtor provided data security to its customers by protecting the customers' computer hardware (the "Technology").  The Debtor has several substantial customers.  Additionally, the Debtor holds certain patents, related rights and other intellectual property.

7.      The Purchased Assets consist primarily of the Debtor's intellectual property and certain servers and other electronic medium.

8.      The Trustee has engaged GrowthPoint Technology Partners, LLC ("GrowthPoint") as Financial Advisor/Investment Banker to assist the Trustee with the sale process.  An application to retain GrowthPoint will be filed shortly.

## RELIEF REQUESTED

9.      By this Motion, the Trustee seeks entry of the Bid Procedures Order (i) approving the Bid Procedures to be used to solicit the highest or otherwise best offer for the Purchased Assets, (ii) approving certain notice procedures with respect to the Sale, (iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, (iv) extending the time to assume and or reject executory contracts and (v) scheduling the Sale Hearing.

10.     By this Motion, the Trustee also seeks approval of the successful bid(s) after completion of the bidding process.  The Motion seeks the customary relief for sales of the Debtor's assets free and clear of liens, claims and encumbrances.

11. Following completion of the sale process, the Trustee intends to request entry of a Sale Order(s) (a) approving the sale(s) of the Purchased Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Liens") (with such Liens attaching to the proceeds of sale in the same order of priority and to the same extent as such Liens were valid, perfected and enforceable prior to entry of the sale order), to the Successful Bidder(s) and (b) authorizing the Trustee to assume and assign any executory contracts and/or unexpired leases to the Successful Bidder as selected by the Successful Bidder after the Closing Date (as defined below).

## THE PROPOSED BID PROCEDURES

12. The Trustee seeks approval of the Bid Procedures, which have been designed to be flexible and open to all bids for any and all of the Debtor's Purchased Assets, facilitate a robust sales process thereby generating the greatest value for the Estate.

13. The Trustee proposes the following timeline for solicitation of bids, the Sale and Sale Hearing. The shortness of time is driven by the limited funds of the Estate to fund a sale process and the ability for a buyer to retain customers.

    i. Preliminary Bid Deadline:  March 29, 2016 at 5:00 p.m. (Pacific)

    ii. Clarification of Proposals:  March 31 – April 4, 2016

    iii. Final Bid Deadline:  April 4, 2016 at 5:00 p.m. (Pacific)

    iv. Selection of Successful Bidder:  April 5, 2016 at 5:00 p.m. (Pacific)

    v. Proposed Sale Hearing: April 7, 2016 at 11:00 a.m. (Eastern).

    vi. Proposed Sale Objection Deadline: March 31, 2016 at 4:00 p.m. (Eastern).

    vii. Closing Date:  No later than April 22, 2016.

14.     The Bid Procedures describe, among other things, the requirements and manner in which bidders and bids become "qualified," the coordination of due diligence efforts, the receipt and negotiation of bids received, and the selection and approval of any ultimately successful bidders (the "Bidding Process").

    i.   Participation and Bid Requirements: To ensure that only bidders with a serious interest in purchasing the Purchased Assets participate in the Bidding Process, the Bid Procedures provide for certain minimal requirements for potential bidder to become a "Qualified Bidder". These requirements include (i) execution of a confidentiality agreement before participating in the due diligence process; (ii) providing the Trustee with certain financial assurances as to such bidder's ability to close a transaction; (iii) submission of a binding proposal regarding the assets sought to be acquired and the consideration to be paid; (iv) identification of each executory contract to which the Bidder seeks assignment from the Trustee; and (iv) a good faith deposit in the amount of five percent (5%) of the proposed purchase price.

    ii.   Due Diligence: The Bid Procedures permit all Qualified Bidders to participate in the due diligence process.

    iii.   Selection of Successful Bid(s): If more than one Qualified Bid is received by the Final Bid Deadline, the Trustee and his advisors shall (i) identify and certify the bid or bids that constitute the highest and best offer for the assets (such bid, the "Successful Bid" and such person submitted such bid the "Successful Bidder"), and (ii) identify and may, in their discretion, certify the bid or bids that constitutes the next highest or best offer for the assets (such bid the "Backup Bid" and such person submitting such bid the "Backup Bidder"), and, in each case, so notify the Successful Bidder and Backup Bidder.

    iv.   Evaluation of Qualified Bids: A Qualified Bid may be for all or some portion of the Purchased Assets. The Trustee reserves the right to determine the value of any Qualified Bid (either by itself or in connection with one or more other Qualified Bid), and which Qualified Bid constitutes the highest, best and otherwise financially superior offer.

    v.   Sale Hearing: The Trustee requests that a Sale Hearing take place on April 7, 2016 at 11:00 a.m.

15.     Other Highlighted Terms Under Local Rule 6004-1(b)(iv):

i. <u>Local Rule 6004-1(b)(iv)(A)</u>. To the extent a proposed purchaser is an insider (within the meaning of section 101(31) of the Bankruptcy Code), the Trustee will make the necessary disclosures to the Court and take measures to ensure the fairness of the sale process and the proposed transaction.

ii. <u>Local Rule 6004-1(b)(iv)(C)</u>.  The Bid Procedure Relief does not include the granting of any release in favor of any entity.

iii. <u>Local Rule 6004-1(b)(iv)(F)</u>.  The Trustee is requiring Qualified Bids to include a five percent (5%) good faith deposit.

iv. <u>Local Rule 6004-1(b)(iv)(H)</u>.  The Trustee is not seeking to release any sale proceeds without further order of the court.

v. <u>Local Rule 6004-1(b)(iv)(I)</u>.  The Trustee is not seeking to have the Sale declared exempt from taxes under section 1146(a) of the Bankruptcy Code.

vi. <u>Local Rule 6004-1(b)(iv)(J)</u>. The Trustee will likely retain the Debtor's books and records to enable him to administer the Estate.

vii. <u>Local Rule 6004-1(b)(iv)(K)</u>.  The Trustee is not seeking to sell avoidance actions.

viii. <u>Local Rule 6004-1(b)(iv)(L)</u>.  The Trustee is not seeking to sell the Purchased Assets free and clear of successor liability claims.

ix. <u>Local Rule 6004-1(b)(iv)(M)</u>.  The Trustee is seeking to sell the Purchased Assets free and clear of all liens, claims and encumbrances to the fullest extent permitted by Section 363 and 365 of the Bankruptcy Code.

x. <u>Local Rule 6004-1(b)(iv)(O)</u>.  The Trustee is seeking relief from the fourteen-day stay imposed by Bankrutpcy Rule 6004(h) for any sale.

**PROPOSED SALE NOTICE PROCEDURES**

16.    <u>Sale Notice</u>.  No later than March 16, 2016, or as soon thereafter as practicable (the "<u>Mailing Date</u>"), the Trustee shall serve a notice of the sale substantially in the form annexed hereto as **Exhibit C** (the "<u>Sale Notice</u>") by first-class mail, postage prepaid, upon (i) the Office of the United States Trustee for the District of Delaware; (ii) Counsel to Marble Bridge Funding Group, Inc. (the "<u>Lender</u>"); (iii) any party known or reasonably believed to have

asserted any lien, claim or encumbrance or other interest in the Purchased Assets; (iv) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all of the Purchased Assets; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).  Such notice shall be sufficient and proper notice of the sale with respect to known interested parties.

### PROPOSED NOTICE OF ASSUMPTION AND ASSIGNMENT OF CONTRACTS

17.     As part of the Sale, the Trustee seeks authority to assume and assign executory contracts and/or unexpired leases (the "Assumed Contract") to the Successful Bidder(s).

18.     With respect to any Assumed Contract, no later than 30 days after the Closing Date, the Trustee will file with the Court and serve on each party to an Assumed Contract a notice substantially in the form attached hereto as **Exhibit D** (the "Cure Notice") setting forth the amount of cure owed thereunder according to the Debtor's books and records. The Cure Notice shall state (i) the cure amount that the Trustee believes is necessary to assume such contract or lease pursuant to the Bankruptcy Code section 365 (the "Cure Amount"), (ii) notify each party that such party's lease or contract shall assumed and assigned to the Successful Bidder, and (iii) state the deadline by which the non-Debtor party shall file an objection to the Cure Amount (the "Cure Objection Deadline").

19.     The Cure Objection Deadline shall be 4:00 p.m. (Eastern) 10 (ten) business days after the filing of the Cure Notice.  Any objection to the Cure Amount must state with specificity what cure the party to the Assumed Contract believes is required with appropriate documentation in support thereof.  If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling notwithstanding anything to the contrary

in any Assumed Contract or other document as of the date of the Cure Notice.  Any objections not resolved between the parties shall be set for a hearing as fixed by the Court.

20.     Any counterparty to any Assumed Contract who does not file a Cure Objection by the Cure Objection Deadline, shall be forever barred from objecting to the Cure Amount or asserting or claiming any Cure Amount (other than the Cure Amount listed n the Cure Notice) against the Trustee or any Successful Bidder.

21.     Any counterparty to an Assumed Contract who does not file a timely objection to the assumption and assignment shall be deemed to have consented to the assumption and assignment of its Assumed Contract to the Successful Bidder and will be forever barred from objecting to such assumption and assignment on account of the Cure Amount, lack of adequate assurance or any other grounds.

## Basis for Relief Requested

### A.     Entry Of The Bidding Procedures Order Is Necessary And Appropriate Under The Facts And Circumstances Of This Case.

22.     After notice and a hearing, a trustee may sell assets outside the ordinary course of business.  11 U.S.C. § 363(b).  Generally, to obtain approval of a proposed sale of assets under section 363(b), a trustee should demonstrate that the proffered purchase price is the highest or best offer under the circumstances of the case.  See Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558, 564-65 (8th Cir. 1997) (holding that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); In re Integrated Res., 147 B.R. 650, 659 (S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the . . . Debtors' duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting Cello Bay Co. v.

Champion Int'l Corn. (In re Atlanta Packaging Prods., Inc.), 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988)).

23.    The implementation of competitive bidding procedures to facilitate the sale of a debtor's assets outside the ordinary course of business is routinely approved by bankruptcy courts as a means of ensuring that such sale will generate the highest or best recovery for a debtor's estate.  The proposed Bidding Procedures and the opportunity for competitive bidding embodied therein are both reasonable and designed to maximize the value received for the Debtor's assets by facilitating a competitive bidding process in which all potential and qualified bidders are encouraged to participate and submit competing bids.

24.    The Trustee desires to receive the greatest value possible for the Purchased Assets.  The Bid Procedures were developed so as to be consistent with the Trustee's need to expedite the sale process but with the object of promoting active bidding that will result in the highest and/or best offer(s) possible

25.    In the event one or more Qualified Bids are received by the Final Bid Deadline, the Trustee may select the highest and/or best Qualified Bid(s) for some or all of the Purchased Assets.  **ALL BID(S) SHALL BE SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT.**

26.    Given the current circumstances of this case, the Trustee believes that implementation of a prompt sale process is the best way to maximize the value of the Purchased Assets.  Prompt entry of the Bid Procedures Order will permit the sale process contemplated by the Bid Procedures to begin as expeditiously as possible.

**B.      Notice Of The Proposed Sale Is Reasonable Under The Circumstances.**

27.      In order to receive the highest and/or best price for the Purchased Assets under the circumstances, the Trustee is seeking to conduct the Sale and hold the Sale Hearing on an accelerated track.  In order to yield the greatest possible return for the benefit of creditors and to limit potential administrative expenses, the Trustee believes that an expedited sale process is warranted and necessary.

28.      Following entry of the Bid Procedures Order, the Trustee will provide notice of the Bid Procedures Order, the Bid Procedures, the Sale Hearing, and the Sale Objection Deadline.  The Trustee proposes to send the Sale Notice, substantially in the form attached to this Motion as **Exhibit C**, to (i) the Office of the United States Trustee for the District of Delaware; (ii) Counsel to the "Lender; (iii) any party known or reasonably believed to have asserted any lien, claim or encumbrance or other interest in the Purchased Assets; (iv) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all of the Purchased Assets; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).

29.      Accordingly, the Trustee submits that the notice to be provided to parties in interest is reasonable and appropriate and will be adequate to ensure that the value of the Purchased Assets has been tested in the marketplace and that all interested parties have the opportunity to object to the proposed sale and assumption and assignment of any executory contracts and/or unexpired leases.

**C.**     **The Proposed Sale Of the Purchased Assets Should Be Approved As A Product Of The Trustee's Exercise Of Sound And Reasonable Business Judgment.**

30.     Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

31.     This Court should approve the proposed sale if the Trustee demonstrates a sound business reason or justification in support thereof.  Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 179 (D. Del. 1991); In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (section 363 sale should be approved if "the proposed sale is fair and equitable, ...a good business reason [exists] for completing the sale and the transaction is in good faith"); In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983).

32.     Here, the proposed sale procedures and proposed sale of assets easily meet the "sound business reason" test and it is clear the proposed sale is necessary to preserve the value of the Purchased Assets.  First, the fairness and reasonableness of the consideration to be paid for the Purchased Assets will be demonstrated by continued exposure of the opportunity to the marketplace via the sale process proposed herein, on notice to potential purchasers, creditors, and other parties in interest.  Any proposed purchase agreement(s) will be the product of good faith, arm's length negotiations between the Trustee and the highest and/or best bidder(s) with respect to the price and other terms of the sale(s) of the Debtor's assets.  In short, the Trustee

believes that a prompt sale of the Purchased Assets to any Successful Bidder(s) presents the best

opportunity to realize the maximum value of the assets.

**D.     The Sale of the Purchased Assets Should Be Approved Free And Clear Of Liens
        Pursuant to Section 363(f) Of The Bankruptcy Code.**

      33.    Pursuant to section 363(f) of the Bankruptcy Code, the Trustee seeks

authority to sell and transfer the Purchased Assets free and clear of all Liens, with such Liens to

attach to the proceeds of the sale in the same order of priority, and to the same extent as such

Liens were valid, perfected, and/or enforceable immediately prior to the sale.  Section 363(f) of

the Bankruptcy Code is written in the disjunctive and provides, in pertinent part:

> The trustee may sell property under subsection (b) or (c) of this
> section free and clear of any interest in such property of an entity
> other than the estate, only if –
>
> (1)    applicable nonbankruptcy law permits sale of such property
> free and clear of such interest;
>
> (2)    such entity consents;
>
> (3)    such interest is a lien and the price at which such property
> is to be sold is greater than the aggregate value of all liens on such
> property;
>
> (4)    such interest is in bona fide dispute; or
>
> (5)    such entity could be compelled, in a legal or equitable
> proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

      34.    A sale free and clear of Liens is necessary to maximize the value of the

Purchased Assets.  A sale subject to Liens would result in a lower purchase price and be of

substantially less benefit to the bankruptcy estate.  A sale free and clear of Liens is particularly

appropriate under the circumstances because any Lien that exists immediately prior to the

closing of any sale will attach to the sale proceeds with the same validity, priority, force and

effect as it had at such time, subject to the rights and defenses of the Trustee or any party in interest.  The Lender consents to the proposed sale.  Moreover, any holder of a Lien that receives notice of the proposed sale and which fails to object should be deemed to consent to the proposed sale, thereby complying with section 363(f)(2) of the Bankruptcy Code.  Thus, the proposed sale(s) satisfies section 363(f) of the Bankruptcy Code.

**E.     The Court Should Approve The Assumption And Assignment Of Executory Contracts And/Or Unexpired Leases.**

35.     Under section 365 of the Bankruptcy Code, a trustee may assume, reject, or assume and assign executory contracts and unexpired leases.

36.     In accordance with section 365(a), a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The standard governing bankruptcy court approval of a trustee's decision to assume or reject an executory contract or unexpired lease is whether the trustee's reasonable business judgment supports assumption or rejection.  See Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989).  The business judgment test "requires only that the trustee demonstrate that [assumption or] rejection of the executory contract will benefit the estate."  Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (quoting In re Stable Mews Assoc., Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

37.     Bankruptcy Code section 365(b)(1), in turn, codifies the requirements for a trustee to assume an executory contract or unexpired lease.  This subsection provides:

> (b) (1)     If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -

> (A)     cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)     provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

38.     With respect to assignment of an executory contract or unexpired lease, Section 365(f)(2) of the Bankruptcy Code provides, in pertinent part, that:

> The trustee may assign an executory contract or unexpired lease of the debtor only if --
>
> (A)     the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B)     adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

39.     The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical pragmatic construction." EBG Midtown South Corp. v. McLaren/Hart Env. Eng'g Corp. (In re Sanshoe Worldwide Corp.), 139 B.R. 585, 593 (S.D.N.Y. 1992). Adequate assurance does not mean absolute assurance or a guarantee that the assignee will thrive and make all payments required under the subject contract. See In re Natco Indus., Inc., 54 B.R. 436, 440 (Bankr. S.D. N.Y. 1985).

40.     Among other things, adequate assurance may be provided by demonstrating the proposed assignee's financial health and experience in managing the type of enterprise or property assigned. See In re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y.

1986) (finding adequate assurance of future performance present when prospective assignee of lease from debtor has financial resources and has expressed willingness to devote sufficient funding to business in order to give it strong likelihood of succeeding).

41.    The Trustee requests that any counterparty that wishes to file an objection to the Cure Amount (the "Cure Amount Objection") must do so (and serve a copy so as to be received by the Notice Parties) by 4:00 p.m. (Eastern) within 10 (ten) business day after the filing of the Cure Notice.

42.    If no timely Cure Amount Objection is received, the Trustee seeks entry of an order providing that such non-debtor party (a) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Assumed Contract, and the Trustee and the Successful Bidder shall be entitled to rely solely upon the Cure Amount; and (b) be deemed to have consented to the assumption and assignment of such Assumed Contract and shall be forever barred and estopped from asserting or claiming against the Trustee or the Successful Bidder that any additional amounts are due, that any defaults exist, or that any other conditions or obligations related to assumption and assignment must be satisfied prior to such assumption and assignment becoming effective.

43.    In the event that a timely Cure Amount Objection is filed, the Cure Amount Objection must set forth (i) all grounds for the objection and (ii) the amount the party asserts to be the correct Cure Amount.  After receipt of the Cure Amount Objection, the Trustee and the Successful Bidder will attempt to reconcile any differences in the Cure Amount.  If agreement cannot be reached, the Court will resolve the disputed issues at a hearing scheduled by the Court.

**F.      The Trustee's Time to Assume or Reject Executory Contracts Shall be Extended**

44.      Section 365 of the Bankruptcy Code provides in pertinent part that the sixty day period within which the Chapter 7 Trustee may assume or reject an executory contract, and perform all obligations arising under any unexpired lease of nonresidential real property may be extended for cause.  11 U.S.C. § 365(d).

45.      Sufficient "cause" exists to extend the deadline imposed by section 365(d)(1) of the Bankruptcy Code through and including June 3, 2016.[2]

46.      Section 365(d)(1) of the Bankruptcy Code provides that "[i]n a case under chapter 7 of this title, if the [T]rustee does not assume or reject an executory contract or unexpired lease of residential real property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1).

47.      Sections 365(d)(1) along with Bankruptcy Rule 9006(b) permit the extension requested herein given a showing of "cause."[3]  An extension of the period under sections 365(d)(1) is warranted for sound business reasons.  This extension will enable the Successful Bidder to determine which contracts it wishes to assume within 30 days after the Closing Date and provides the Trustee and his professionals time to provide all parties with the proper notice of any assumption and assignment.

---

[2]  The Chapter 7 Trustee reserves his right to seek a further extension of this deadline upon subsequent motion and/or seek to assume or reject any executory contract.

[3]  Bankruptcy Rule 9006(b) provides:  (1) In General.  Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

**G.     The Automatic Fourteen Day Stay Under Bankruptcy Rules 6004(h) And 6006(d) Should Be Waived.**

48.     Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen days after entry of the order.  Similarly, under Bankruptcy Rule 6006(d), unless the Court orders otherwise, all orders authorizing the assignment of executory contracts or unexpired leases are automatically stayed for fourteen days after entry of the order.

49.     Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier on Bankruptcy suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure.  10 *Collier on Bankruptcy* ¶ 6004.09 (15th ed. 1999).  Furthermore, Collier on Bankruptcy provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. *Id.*

50.     To preserve and maximize the value of the Purchased Assets, the Trustee seeks to close the Sale immediately after all closing conditions have been met or waived.  Thus, waiver of any applicable stays afforded by the Bankruptcy Rules is appropriate under the facts and circumstances of this case.

## NOTICE

51.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) Counsel to the Lender; (iii) any party known or reasonably believed to have asserted any lien, claim or encumbrance or other interest in the Purchased Assets; (iv) any party known or reasonably believed to have expressed an interest in

acquiring some or substantially all of the Purchased Assets; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required prior to entry of the proposed Bidding Procedures Order and proposed Bidding Procedures.

## NO PRIOR REQUEST

52.    No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of: (A) an order substantially in the form annexed as **Exhibit A** hereto (i) approving the Bid Procedures; (ii) approving certain notice procedures with respect to such potential sale; (iii) establishing procedures for the assumption and assignment of executory contracts and/or unexpired leases; (iv) scheduling the Sale Hearing; (v) extends the time to assume and or reject executory contracts; and (vi) such other and further relief as is just and proper; and (B) an order substantially in the form annexed as **Exhibit B** hereto (i) approving the sale of the Purchased Assets, and (ii) such other and further relief as is just and proper.


Dated:  February 26, 2016                    By:  /s/  Jennifer L. Dering                     .
                                                  Jennifer L. Dering (#4918)
                                                  ARCHER & GREINER
                                                  A Professional Corporation
                                                  300 Delaware Avenue, Suite 1100
                                                  Wilmington, DE   19801
                                                  Telephone:  302-777-4350
                                                  Facsimile:  302-777-4352
                                                  Email:  jdering@archerlaw.com
                                                  *Proposed Attorneys for Chapter 7 Trustee*

113829317v2